IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CARY D. VAN VALKENBURGH,**

    Plaintiff,

v.                                                                                  Civil Action No. 2:17-cv-01204
                                                                                                                                    (Removed from the Circuit Court of
                                                                                                                                    Kanawha County, West Virginia, Civil
                                                                                                                                    Action No. 16-C-1844)

**APRIA HEALTHCARE, INC.,**
a Delaware corporation,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, Apria Healthcare LLC (incorrectly denominated "Apria Healthcare, Inc.") ("Apria"), by and through its undersigned counsel, hereby removes the above-captioned civil action from the Circuit Court of Kanawha County, West Virginia in which it is now pending, to the United States District Court for the Southern District of West Virginia, Charleston Division. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon or received by Apria are attached as Exhibit A. Pursuant to LR Civ. P. 3.4(b), a copy of the Kanawha County Circuit Court's docket sheet, as of February 6, 2017, is attached as Exhibit B.

As grounds for removal, Apria states:

## INTRODUCTION

1.     On December 12, 2016, Plaintiff, Cary D. Van Valkenburgh ("Van Valkenburgh"), commenced this action in the Circuit Court of Kanawha County, West Virginia by filing a Complaint naming Apria as the defendant. Van Valkenburgh's Complaint was assigned Civil Action No. 16-C-1844.

2. On January 9, 2017, service of the Summons and Complaint was effected upon Apria through service upon the West Virginia Secretary of State. *See* Exhibit A, 3.

3. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446 on behalf of Apria. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Van Valkenburgh's Complaint presents a federal question under 29 U.S.C. § 2601, *et seq*. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the claims at issue exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## THE COMPLAINT

4. The Complaint alleges that as Van Valkenburgh's employer, Apria failed to comply with the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the West Virginia Human Rights Act, W. Va. Code 5-11-1, *et seq.* ("WVHRA"). Compl. ¶¶ 18-37. In regard to the FMLA, Van Valkenburgh alleges that Apria attempted to interfere with his ability to use FMLA leave by disciplining him and by terminating his employment in retaliation for using such leave. Compl. ¶¶ 18-25. In regard to the WVHRA, the Complaint alleges that Apria failed to provide a reasonable accommodation to Van Valkenburgh, and that his disability was a substantial motivating factor in Defendant's decision to discharge Van Valkenburgh. Compl. ¶¶ 26-37.

5. As relief, Van Valkenburgh seeks compensatory and punitive damages, attorney's fees and costs, and reinstatement or front pay. Compl., 6.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Id.*

7. Because the civil action between Van Valkenburgh and Apria involves claims arising under the FMLA, a law of the United States over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, removal is proper pursuant to 28 U.S.C. § 1441(a).

8. Further, because this Court has original jurisdiction over Van Valkenburgh's claim arising under the FMLA, it also has supplemental jurisdiction over Plaintiffs' other claims, which are so related that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

**GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

9. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the claims at issue exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. According to the Complaint, Cary D. Van Valkenburgh is a resident of Shady Springs, West Virginia. Compl. ¶ 1.

11. Apria Healthcare LLC is a Delaware corporation whose principal place of business is in Lake Forest, California.

12. Based on Plaintiff's allegations and the damages sought, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332. Courts apply a "totality of the circumstances" test to determine whether the amount-in-controversy requirement of 28 U.S.C. § 1332 is met. *See, e.g., Patton v. Wal-Mart Stores, Inc.*, No. 5:05-0655, 2005 U.S. Dist. LEXIS 41010, at *7 (S.D.W. Va. Sept. 26, 2005).

13. Because Apria and Van Valkenburgh are citizens and residents of different states, with Apria not being a citizen of the State of West Virginia in which this action was brought, and because the amount in controversy requirement is satisfied, removal of this civil action pursuant to 28 U.S.C. §1441(a) is appropriate based on diversity of citizenship under 28 U.S.C. §1332.

## TIMELINESS OF REMOVAL

14. The record indicates that Apria was served with the Complaint through the West Virginia Secretary of State, with service accepted on January 9, 2017. *See* Exhibit A, 3. Accordingly, this Notice of Removal is timely being filed within thirty (30) days of service upon Apria, pursuant to 28 U.S.C. § 1446(b)(1).

## NOTICE TO ADVERSE PARTY AND STATE COURT

15. In accordance with 28 U.S.C. § 1446(d), Apria has contemporaneously filed a copy of this Notice of Removal (without exhibits) with the clerk of the Kanawha County Circuit Court. A copy of the written Notice of Filing Notice of Removal is attached as Exhibit C. Apria has provided written notice to Van Valkenburgh by contemporaneously serving a copy of this Notice of Removal and Exhibit C on counsel for Van Valkenburgh.

## CONCLUSION

16. By virtue of this Notice of Removal and the Notice filed in Circuit Court, Apria does not waive its right to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration as may be permitted by the Federal Rules of Civil Procedure.

WHEREFORE, notice is given that this action is removed from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division.

**APRIA HEALTHCARE LLC,**

**By Counsel,**

/s/ Raymond L. Harrell, Jr.
Kurt E. Entsminger (W. Va. Bar No. 1130)
Raymond L. Harrell, Jr. (W. Va. Bar No. 12995)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, West Virginia 25338-3843
304-345-0200 Telephone
304-345-0260 Facsimile
kentsminger@flahertylegal.com
rharrell@flahertylegal.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CARY D. VAN VALKENBURGH,**

    Plaintiff,

v.                                      Civil Action No. 2:17-cv-01204
                                            (Removed from the Circuit Court of
                                            Kanawha County, West Virginia, Civil
                                            Action No. 16-C-1844)

**APRIA HEALTHCARE, INC.,**
a Delaware corporation,

    Defendant.

## CERTIFICATE OF SERVICE

I, Raymond L. Harrell, Jr., counsel for Defendant, Apria Healthcare LLC, do hereby certify that on the 6th day of February, 2017, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Stephen B. Farmer, Esq.
Matthew H. Nelson, Esq.
FARMER, CLINE & CAMPBELL, PLLC
453 Suncrest Towne Drive, Suite 300
Morgantown, WV  26505

                                            /s/ Raymond L. Harrell, Jr.
                                            Raymond L. Harrell, Jr. (W. Va. Bar No. 12995)