# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Carol Stokes
APRIA HEALTHCARE, LLC
26220 Enterprise Ct
Lake Forest, CA 92630-8405

SOP Transmittal #   **530487188**

800-592-9023 - Telephone

Entity Served:  Apria Healthcare LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of WEST VIRGINIA on this 13 day of January, 2017. The following is a summary of the document(s) received:

1. **Title of Action:**  CARY D. VAN VALKENBURGH, Pltf. vs. APRIA HEALTHCARE, INC., etc., Dft.

2. **Document(s) Served:**    Other: Letter, Summons, Statement, Attachment(s), Complaint, First Set of Interrogatories

3. **Court of Jurisdiction/Case Number:** Kanawha County Circuit Court, WV
Case # 16C1844

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

___ Personally served by:      ___ Process Server      ___ Law Enforcement      ___ Deputy Sheriff      ___ U. S Marshall

_X_ Delivered Via:      _X_ Certified Mail      ___ Regular Mail      ___ Facsimile

___ Other (Explain):

6.   **Date of Receipt:**   01/13/2017

7.   **Appearance/Answer Date:**  Within 30 days after service, exclusive of the day of service

8.   **Received From:**      STEPHEN B. FARMER      9.  **Carrier Airbill #** 1ZY041160196213765
FARMER, CLINE & CAMPBELL, PLLC
453 Suncrest Towne Drive, Suite 300
Morgantown, WV 26505                              10. **Call Made to:** Not required
304-225-5990

11.     **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  Carol Stokes  carol.stokes@apria.com

Email Notification,  BIRGITT GOTTSCHALK  BIRGITT.GOTTSCHALK@APRIA.COM

Email Notification,  CAROLYN BORGMEYER  CAROLYN_BORGMEYER@APRIA.COM

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

CERTIFIED MAIL



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 25311   $ 006.43⁰
02 4W
0000336734 JAN. 11. 2017

BUSINESS & LICENSING
1610 - 00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0001 5507 05

APRIA HEALTHCARE LLC
National Registered Agents, Inc.
5400 D Big Tyler Road
Charleston, WV 25313



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
           866-767-8683
Visit us online:
www.wvsos.com

| | |
|---|---|
| **Control Number:** 130292 | **Agent:** National Registered Agents, Inc. |
| **Defendant:** APRIA HEALTHCARE LLC | **County:** Kanawha |
| 5400 D Big Tyler Road | **Civil Action:** 16-C-1844 |
| Charleston, WV 25313 US | **Certified Number:** 92148901125134100001550705 |
| | **Service Date:** 1/9/2017 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

Natalie E. Tennant
Secretary of State

## SUMMONS

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CARY D. VAN VALKENBURGH,**

       **Plaintiff,**               CIVIL ACTION NO. *16-C-1844*

**v.**                          JUDGE: _____*Webster*_____

**APRIA HEALTHCARE, INC.**
**a Delaware Corporation,**

       **Defendant**

**TO:**   **APRIA HEALTHCARE, INC.**
        **NATIONAL REGISTERED AGENTS, INC.**
        **5400 D BIG TYLER ROAD**
        **CHARLESTON, WV 25313**

       IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required

to serve upon **Matthew H. Nelson, Esquire**, Plaintiffs' attorney, whose address is 453 Suncrest Towne

Centre Drive, Suite 300, Morgantown, WV 26505, an answer, including any related counterclaim you may

have, to the **Complaint** filed against you, along with the "Plaintiff's First Set of Interrogatories and Requests

for Production of Documents to Defendant" in the above-styled civil action, a true copy of which is herewith

delivered to you.  You are required to serve your answer to the Complaint within thirty (30) days after service

of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be

...d from asserting

...bove-styled civil

...sponses to those

...erk

_____

_____

West Virginia Secretary of State
Invoice #348452
Date: 1/6/2017
FARMER, CLINE & CAMPBELL, PLLC

| Service | Service - US defendant 16-C1844 | Qty | Sub | Total | Payment type | Check | Total |
|---------|--------------------------------|-----|-----|-------|--------------|-------|-------|
| | | 1 | $20.00 | $20.00 | Amount | $20.00 | $20.00 |

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

*FILED*
*OPCOPY*
2016 DEC 12 PM 2:41
CATHY S. ...
KANAWHA ... CLERK
CIRCUIT COURT

## I.    CASE STYLE:

Carey Van Valkenburgh,

     Plaintiff

vs.

Case # *16-C-1844*

Judge: *Webster*

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| APRIA HEALTHCARE, INC.<br>NATIONAL REGISTERED AGENTS, INC.<br>5400 D BIG TYLER ROAD<br>CHARLESTON, WV 25313 | 30 | Secretary of State |

Original and _2_ copies of Complaint furnished herewith.

| PLAINTIFF:   Carey Van Valkenburgh<br>DEFENDANT:   Apria Healthcare, Inc. | CASE NUMBER: |
|---|---|
| | |

## II.     TYPE OF CASE:

| TORTS | OTHER   CIVIL | |
|---|---|---|
| ☐  Asbestos | ☐  Adoption | ☐  Appeal from Magistrate Court |
| ☐  Professional Malpractice | ☐  Contract | ☐  Petition for Modification of Magistrate Sentence |
| ☐  Personal Injury | ☐  Real Property | ■  Miscellaneous Civil |
| ☐  Product Liability | ☐  Mental Health | ☐  Other |
| ☐  Other Tort | ☐  Appeal of Administrative Agency | ☐  Fraud and Conversion |

III.     JURY DEMAND:     ■ Yes     ☐ No
        CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR):*     12     /   2017

IV.     DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
        ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   ☐ YES   ■ NO
        IF YES, PLEASE SPECIFY:
        ☐ Wheelchair accessible hearing room and other facilities
        ☐ Interpreter or other auxiliary aid for the hearing impaired
        ☐ Reader or other auxiliary aid for the visually impaired
        ☐ Spokesperson or other auxiliary aid for the speech impaired
        ☐ Other:     Unknown at this time

| | |
|---|---|
| *Attorney Name:*  Matthew H. Nelson  (WV State Bar No. 10140) | *Representing:* |
| *Firm:*     FARMER, CLINE & CAMPBELL, PLLC | ■ *Plaintiffs* |
| *Address:*     453 Suncrest Towne Centre Dr., Suite 300 | ☐ *Defendant* |
|     Morgantown, WV 26505 | ☐ *Cross-Defendant* |
| *Telephone:*     (304) 225-5990 | ☐ *Cross-Complainant* |
| *Dated:*     12/9/20*c* | ☐ *Pro Se* |
| *Signature:* | |

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CARY D. VAN VALKENBURGH,

Plaintiff,

v.

APRIA HEALTHCARE, INC.
a Delaware Corporation,

Defendant

CIVIL ACTION NO. *16 - C - 1844*

JUDGE: *Webster*

*2016 DEC 12 PM 2: 41*

CATHY S. G...
KANAWHA COUNTY CIRCUIT COURT

## COMPLAINT

Plaintiff Cary D. Van Valkenburgh makes the following Civil Complaint against Defendant, Apria Healthcare, Inc.

### Parties

1.     Plaintiff Cary D. Van Valkenburgh is a resident of Shady Springs, West Virginia. At all times material to this Civil Action, Plaintiff was an employed as a Branch Logistics Coordinator by Defendant.

2.     Defendant Apria Healthcare, Inc. is a Delaware Corporation, conducting business throughout West Virginia.  Defendant's agent for purposes of service of process is National Registered Agents, Inc., 5400 D Big Tyler Road, Charleston, WV 25313.  At all times relevant to this Civil Action, Defendant employed Plaintiff.

### Jurisdiction and Venue

3.     Pursuant to *West Virginia Code* § 51-2-2, this Court has jurisdiction over the parties and claims asserted in this action.

4.     The wrongful acts of Defendant alleged below were committed in Kanawha County, West Virginia.  Thus, venue is appropriate pursuant to *West Virginia Code* §56-1-1.

<u>Facts</u>

5.      Plaintiff incorporates those allegations set-forth above as though fully restated below.

6.      Plaintiff was hired by Defendant on or about August 7, 1992.

7.      Throughout his employment, Plaintiff was a satisfactory employee, and at all times performed his job duties in a manner that reasonably met Defendant's reasonable expectations.

8.      Sometime toward the end of 2014, Plaintiff began experiencing significant medical issues.

9.      The foregoing issues included the erosion of the lining in his stomach and esophagus and ultimately required Plaintiff to undergo surgery to remove his gallbladder. Plaintiff also had to care for his ailing mother during this period of time.

10.     Throughout this period, Plaintiff would inform the appropriate parties of the need or medical leave and Plaintiff never exceeded the leave authorized by the Family Medical Leave Act.

11.     In August 2015, Plaintiff was approved for a leave of absence so that he could undergo treatment for his serious medical conditions. Defendant classified the absences as leave under the Family and Medical Leave Act, and approved the leave through August 24, 2015.

12.     As with each of his prior absences, Plaintiff returned to work within the approved time frame.

13.     Then, on September 8, 2015, Defendant placed Plaintiff on a "corrective action plan," based upon his "unscheduled absences" over the previous six months.

14.     All, or most, of the "unscheduled absences" were protected by the Family and Medical Leave Act.

15.     The foregoing corrective action plan also claimed that Plaintiff had failed to follow company policy by having his mother call in for "several" of his absences.

16.     On September 14, 15, 16, and 23 Plaintiff again missed work for reasons protected by the Family and Medical Leave Act.  As with all of his prior absences, Plaintiff properly and timely informed Defendant of the need for leave and of the reasons underlying his need for leave.  Plaintiff's explanation was sufficient to place Defendant on notice that the leave was protected by the Family and Medical Leave Act.

17.     On September 25, 2015, Defendant discharged Plaintiff for "excessive absenteeism."

### Count I:

### Interference and Retaliation under the Family and Medical Leave Act, 29 U.S.C 2601, *et seq.*

18.     Plaintiff incorporates those allegations set forth above as though fully restated below.

19.     Plaintiff was a qualified employee within the meaning of the Family and Medical Leave Act (the "FMLA"), and his intermittent leaves of absence were necessitated by either his own serious health conditions or those of his mother.  As such, Plaintiff was entitled to the protections set forth in the FMLA, including, but not limited to, the ability to take up to twelve weeks of leave in any year (on an intermittent basis in this case).

20.     Defendant is a covered employer under the FMLA, and is, therefore, obligated to adhere to the requirements of that Act.

21.     Moreover, Defendant is aware of its obligations and duties under the FMLA.

22.     Nonetheless, Defendant attempted to interfere with Plaintiff's ability to use FMLA leave by disciplining Plaintiff for using the leave, claiming that Plaintiff violated

company policy when his health conditions required his mother to call in, placing Plaintiff on a corrective action plan based upon attendance, and ultimately terminating Plaintiff's employment.

23.     Defendant then retaliated against Plaintiff for invoking his rights under the FMLA by terminating his employment as describe in the preceding paragraphs.

24.     Defendant's conduct was malicious, intentional and in reckless disregard of Plaintiff's protected rights.

25.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of pay, physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

## Count II

### Disability Discrimination in Violation of the West Virginia Human Rights Act, W.Va. Code 5-11-1, *et seq.*

26.     Plaintiff incorporates those allegations set forth above as though fully restated below.

27.     At all times material to this Civil Action, Plaintiff was an individual with a disability within the meaning of the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.*

28.     At all times material to this Civil Action, Plaintiff was a qualified individual with a disability within the meaning of the West Virginia Human Rights Act.

29.     At all times material to this Civil Action, Plaintiff was able to perform the essential functions of his position with or without a reasonable accommodation.

30.     Plaintiff's requests for time off work as a result of his serious health conditions were, in reality, requests for accommodations within the meaning of the West Virginia Human Rights Act.

31.     At all times material to this Civil Action, Defendant was aware of Plaintiff's disabilities and his need for brief periods of leave (even if the leave was unpaid) as an accommodation.

32.     Defendant failed to provide a reasonable accommodation to Plaintiff that would allow Plaintiff to return to work and to continue performing his job functions.

33.     Defendant failed to even engage in an inter-active process to discuss the possibility of accommodating Plaintiff's disability.   Nor did Defendant even consider the possibility of accommodating Plaintiff's disability.

34.     Plaintiff's disability was a substantial motivating factor in Defendant's decision to discharge Plaintiff.

35.     Plaintiff's need for accommodation was a substantial factor in Defendant's decision to discharge Plaintiff.

36.     Defendant's conduct was malicious, intentional and in reckless disregard of Plaintiff's protected rights.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of pay, physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

**WHEREFORE,** Plaintiff respectfully requests the Court grant the following relief, jointly and severally:

A.   Judgment for a sum of money equal to back pay and benefits owing to Plaintiff since the date of injury;

B.   Compensatory Damages;

C.   Punitive Damages;

D.   Attorney's fees and costs, as well as all court costs and expenses and any other damage or expense or fee allowed by law;

E.   Reinstatement or front pay; and

F.   Such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                              **CARY D. VAN VALKENBURGH**

                              **Plaintiff,**

                              **By Counsel:**


STEPHEN B. FARMER (W.Va. State Bar No. 1165)
MATTHEW H. NELSON (W.Va. State Bar No. 10140)
FARMER, CLINE & CAMPBELL, PLLC
453 Suncrest Towne Drive, Suite 300
Morgantown, WV 26505
Phone: (304) 225-5990
Facsimile: (304) 225-5980
sbfarmer@fcclaw.net
mhnelson@fcclaw.net

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CARY D. VAN VALKENBURGH,

       Plaintiff,

                                      CIVIL ACTION NO. 16-C-1844
v.                                    HONORABLE CARRIE L. WEBSTER

APRIA HEALTHCARE, INC.
a Delaware Corporation,

       Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to the provisions of Rules 26, 33, and 34 of the *West Virginia Rules of Civil Procedure*, Plaintiff, by counsel, hereby requests that Defendant answer, in writing and under oath, the following Interrogatories and Requests for Production of Documents within forty-five (45) days.

### INSTRUCTIONS

1.      For the purposes of these discovery requests, Defendant shall be referred to as "you" or "your" unless otherwise identified.

2.      For the purposes of these discovery requests, "the termination" refers to the termination and/or constructive discharge of Plaintiff by Defendant.

3.      These discovery requests are continuing in nature so as to require you to file supplemental answers promptly in the event you obtain further information subsequent to the date of your initial responses.

4.      Each discovery request is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each discovery request as fully as possible. The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name,

fact, or item was not known to you, your counsel, or other representatives at the time of service of your responses to these discovery requests.

5.      Each Interrogatory is to be answered in a narrative form and may not be answered by mere reference to exhibits, attachments, or previous filing, such as "see Answer" or "see Exhibit A."

6.      As used in these discovery requests, the term "document" shall be understood to apply to and shall include without limitation all written, graphic, photographic, electromagnetic or recorded matter, however reproduced or produced, of every kind and description. The term "document" also refers to originals (or copies where originals are unavailable) of any file, correspondence, publication, teletype messages, telexes, notes, or visual or sound recordings of any type of telephone conversations, meetings, conferences, compilations, studies, tabulations, tallies, maps, diagrams, drawings, plans, pictures, movies, computer runs, computer data bases, advertising and promotional material, proposals, reports, notebooks, minutes and records of any type of director meetings, memoranda of all types, inter-office communications, reports, contracts, agreements, ledgers, books of account, vouchers, bank checks, financial statements, working papers, statistical analyses, invoices, purchase orders, notebooks, desk calendars, appointment books, diaries, time sheet logs, abstracts, summaries, and any analyses of the above, and other documents similar to the foregoing, however denominated, whether or not in your personal control or possession.

7.      If you object to all of, or a portion of, a discovery request you should answer as much of the discovery request as is not, in your view, objectionable, and separately state which portion of the discovery request you object to and the grounds for your objection.

8.      If you believe all of, or a portion of, a discovery request calls for privileged information, you should answer as much of the discovery request which does not, in your view, call for privileged information, and separately state which portion of the discovery request you believe

calls for privileged information and the basis of each claimed privilege.

9.    If you assert that any requested document is privileged, please identify the following:

    a.    The author of the document;

    b.    The addressees of the document;

    c.    The current custodian of the document or, if unknown, the last known custodian of the document;

    d.    The date of the document;

    e.    The subject matter and title of the document;

    f.    The number of pages of the document;

    g.    The identities of the individuals who received or saw copies of the document; and

    h.    The specific grounds on which the privilege has been asserted.

10.    If any document requested has been lost, destroyed, or is otherwise unavailable for inspection, photocopying, or reproduction, identify the authors, addressees, the last custodian of the document, and the circumstances surrounding the document's loss, destruction, or unavailability. Further, please provide a description of the document if you are able to do so.

11.    Unless otherwise specified, these discovery requests refer to the time, place and circumstances of the occurrences complained of in the pleadings filed in this case.

12.    Where knowledge, information, or possession of a document is requested of you, such request includes knowledge, information, or possession of your agents, representatives, and, unless privileged, your counsel.

13.    Where the name or identity of an individual is requested, please include the individual's full name, residential address and telephone number, business address and telephone

number and, where applicable, the individual's corporate title or position.

## INTERROGATORIES

1.      Identify by name, address and title, the individual(s) providing responses to these interrogatories.  If any individual other than the one identified in this Interrogatory provides a response, please so indicate with the appropriate response.

**ANSWER:**


2.      Please state each and every reason underlying your decision to terminate Plaintiff's employment.

**ANSWER:**


3.      Provide the name, address, telephone number and job title of all persons who supervised Plaintiff during his/her employment with Defendant.

**ANSWER:**


4.      Provide the name, address, telephone number and job title of all your employees who worked at the job site where Plaintiff worked during his/her employment.

**ANSWER:**


5.      Provide the names and addresses of all members, officers, and/or directors of Defendant.

**ANSWER:**

6. If your decision to terminate Plaintiff was based upon the results, findings, and/or conclusions of any investigation, please describe that investigation in detail, including the identity of the individual(s) responsible for the investigation, the identities of each individual who provided information (including all individuals from whom information was sought) during the investigation, a detailed description of the information that was provided by each individual, and the results, findings, and/or conclusions of the investigation.

**ANSWER:**

7. Please identify all individuals who you have hired since the date of Plaintiff's termination. Your Answer should include the identity of the individual, along with a description of the job, task, and/or duty that each individual was hired to perform, and the date the individual was hired.

**ANSWER:**

8. Please describe the essential functions of each job task, and/or duty that you identified in your Answer to the preceding Interrogatory.

**ANSWER:**

9. Please state Plaintiff's final rate of pay, total gross income for the past five years, along with the monetary value of all benefits to which Plaintiff was entitled immediately preceding his/her termination.

**ANSWER:**

10.    Provide the names, job titles, addresses and phone numbers of all persons with knowledge of all facts relating to the Plaintiff's claims or Defendant's defenses.

**ANSWER:**

11.    Please state all facts upon which you relied in asserting the Affirmative Defenses set forth in your Answer to Plaintiff's Complaint.

**ANSWER:**

12.    Identify each person whom you expect to call as an expert witness at the trial in this matter and for each such person identified, state the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

13.    Provide the style and jurisdiction of all other suits and claims against the Defendant alleging age discrimination and/or retaliation within the past five years.

**ANSWER:**

14.    Provide the name of any insurance company providing a defense for the Defendant and the limits of liability covering any of the claims asserted by the Plaintiff.

**ANSWER:**

15.    Please identify the individual, or all of the individuals, who were hired to replace Plaintiff and/or who currently hold the position formerly held by Plaintiff.  Your response should include the age of each identified individual.

**ANSWER:**


16.    Describe all disciplinary actions of any kind assessed against Plaintiff during his/her employment.  Your Answer should include the date of the disciplinary action, the nature of the disciplinary action, the reason the disciplinary action was taken, a description of any investigation performed regarding the disciplinary action, and the results of any investigation.

**ANSWER:**


17.    If you contend that Plaintiff was not a satisfactory employee, please state all facts, including the identification of witnesses and documents, upon which you rely in making such a contention.

**ANSWER:**


18.    Please state all facts, including the identification of witnesses and documents, upon which you rely in denying any of the allegations contained in Plaintiff's Complaint.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all records, documents, or items and things of any kind concerning Plaintiff, including, without limitation, copies of Plaintiff's personnel file, performance evaluations,

performance and/or other awards/commendations, disciplinary records, records related to commendations or criticisms by supervisors or other employees, letters of recommendation, memoranda, letters or notices of termination, medical records, and any anecdotal or personal files maintained by any employees or supervisors.

**RESPONSE:**

2.      Please produce copies of any and all job descriptions in effect at any time within the past five years for any position held by Plaintiff.

**RESPONSE:**

3.      Please provide copies of the personnel files for all employees who were hired to replace Plaintiff, along with the personnel files of all employees who were hired to perform jobs, duties, and/or tasks for which Plaintiff was qualified to perform.

**RESPONSE:**

4.      All memoranda, letters, writings, and/or documents of any nature that relate in any way to the decision to lay-off and/or terminate Plaintiff's employment.

**RESPONSE:**

5.      Please produce copies of all employee handbooks, policy manuals, or other such guidelines and/or manuals that have been in effect at any time within the past five years.

**RESPONSE:**

6.      Please produce copies of all records related to Plaintiff's compensation and/or benefits. Your Response should include, but should not be limited to, all payroll records, benefit plan documents, or other similar documents.

**RESPONSE:**


7.      Please produce copies of any policies, procedures, or other documents related to employee discipline and/or termination.

**RESPONSE:**


8.      Please produce copies of any policies, procedure


s, or other documents related to light duty assignments, reasonable accommodations for injuries and/or disabilities, and/or returning injured employees to work.

**RESPONSE:**


9.      Please produce copies of all attendance records for Plaintiff for the past five years of his/her employment.

**RESPONSE:**


10.     Please produce all documents related in any way to Plaintiff's request for unemployment benefits after the termination of his/her employment.

**RESPONSE:**

11.     Please produce any organizational charts outlining your chain of command or its equivalent.

   **RESPONSE:**


12.     Please produce copies of any charts outlining or describing any corporate relationships between Defendant and its parent, subsidiary, and/or affiliate entities.

   **RESPONSE:**


13.     Please produce copies of all financial statements describing the profits, losses, revenue, cash flow, liabilities, assets, and other such financial information for Defendant for the past five years.

   **RESPONSE:**


14.     To your knowledge, have any documents, files, or other tangible things, including any electronically or magnetically stored data that relates in any way to Plaintiff's claims been lost, altered, destroyed, and/or removed from your custody or control? If so, please identify, by date, title and detailed description of the contents, all such documents or tangible items that have been destroyed, altered, lost, or removed from your custody or control, and provide a detailed explanation as to how such destruction, alteration, loss, or removal occurred for each such document.

   **RESPONSE:**

CARY D. VAN VALKENBURGH,

PLAINTIFF,

By Counsel:

STEPHEN B. FARMER (W.Va. State Bar No. 1165)
MATTHEW H. NELSON (W.Va. State Bar No. 10140)
FARMER, CLINE & CAMPBELL, PLLC
453 Suncrest Towne Centre Drive, Suite 300
Morgantown, WV 26505
(304) 225-5990